IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMARKAS S. KING,

    Petitioner,          No. CIV S-08-1524 GEB DAD P

    vs.

ANTHONY HEDGPETH,

    Respondent.       <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 conviction in the Sacramento County Superior Court on charges of second degree murder and attempted murder with enhancements for use of a firearm in connection with those offenses. Petitioner is serving a sentence of seventy years to life in prison pursuant to his conviction. On February 17, 2009, respondent filed his answer. Before the court is petitioner's motion for leave to file an amended habeas petition and request for leave to file a late reply to respondent's answer. (Doc. No. 19.) Respondent has filed an opposition to the motion.

## BACKGROUND

        On July 2, 2008, petitioner filed his federal habeas petition with this court. Therein, he presented the following five grounds for relief: (1) juror misconduct at his trial in

state court, including: (a) Juror #7's failure to disclose that he was the victim of child molestation; (b) Juror #7's presenting of extrajudicial information during jury deliberation; (c) Juror #4's failure to disclose that she worked with the victim's wife; (2) ineffective assistance of appellate counsel for failing to raise the jury misconduct issues on appeal; (3) erroneous jury instruction on the use of two predicate felonies for application of the felony murder rule; (4) conflicting jury instructions on the attempted murder charge allowing the jury to convict petitioner of that charge based on implied malice; and (5) erroneous jury instructions on imminent peril in connection with petitioner's defense of imperfect self-defense.

On December 16, 2008, this court ordered respondent to file its response to the petition within sixty days and for petitioner to file his reply, if any, within thirty days after service of the answer.[1] On February 17, 2009, respondent filed an answer to the petition. Petitioner did not file a timely traverse. Rather, on June 5, 2009, three and a half months after respondent's answer was filed, petitioner filed the pending motion seeking leave to amend his petition along with his late reply to respondent's answer.

### THE ARGUMENTS OF THE PARTIES

Petitioner contends that he relied on a jailhouse lawyer to draft his federal habeas petition, and was subsequently advised that it was poorly drafted. (Mot. for Leave to Amend at 3.) He claims that although he was diligent, he was unable to locate another jailhouse lawyer to assist him in preparing an amended petition until recently. (Id.) Petitioner seeks leave to file his amended petition "not necessarily to effectuate a substantive change, but rather a stylistic one to effectuate clarity." (Id.) As for his belatedly-filed traverse, petitioner asserts, "the respondent's

---

[1] After petitioner filed his habeas petition, this court directed petitioner to file an application requesting leave to proceed in forma pauperis or the filing fee. On November 5, 2008, when petitioner failed to respond to the court's order, the court recommended that the action be dismissed. Petitioner subsequently filed objections to those findings and recommendations and the findings and recommendations were vacated, with petitioner being provided an extension of time to file his in forma pauperis application. The application was eventually filed on December 5, 2008.

2

ANSWER to the petition for writ of habeas corpus raisies [sic] what on their face appears to be legally sufficient defenses and declarant's REPLY will explain why the defenses are not meritorious." (Id.)

In opposing petitioner's motion respondent argues that the proposed amended petition "contains an expanded version of facts in support of Petitioner's claim of juror misconduct and additional supporting documents from the state court record." (Opp'n at 2.) Respondent also argues that petitioner's late reply in support of habeas relief "relies largely on legal arguments not previously asserted: that the California Court of Appeal's denial of the juror misconduct claim was based on an unreasonable determination of the facts, and the trial court's findings were based on less than a full and fair hearing." (Id.) Finally, respondent contend that petitioner's late-filed reply is "an attempt to reframe arguments that could and should have been raised for the first time in the Petition" and that to the extent new legal arguments are made by petitioner in the reply, those arguments should not be considered by the court. (Id.) Alternatively, respondent asks that if the court allows petitioner to file his late reply, that the court also grant respondent forty-five days to file a surreply. (Id. at 3.)

ANALYSIS

I.   Motion to Amend

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242. See also Rule 11, Fed. R. Governing § 2254 Cases (the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(4) (as amended in 2009) (providing that the Federal Rules of Civil Procedure are applicable to habeas corpus proceedings to the extent that the practice in such proceedings is not set forth in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings, and "has previously conformed to the practice in civil actions"). Under Federal

Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding. <u>Mayle v. Felix</u>, 545 U.S. 644, 654 (2005).

Pursuant to Rule 15, "the court should freely give leave when justice so requires." In <u>Nunes v. Ashcroft</u>, 348 F.3d 815, 818 (9th Cir. 2004), the Ninth Circuit explained:

> In assessing the propriety of a motion for leave to amend, we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint.

<u>See</u> also <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"); <u>Bonin v. Calderon</u>, 59 F.3d 815, 844-45 (9th Cir. 1995) (applying the same factors to leave to amend in a federal habeas action). Of these factors, prejudice to the opposing party is the most important. <u>Jackson v. Bank of Haw.</u>, 902 F.2d 1385, 1387 (9th Cir. 1990). "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." <u>Howey v. United States</u>, 481 F.2d 1187, 1191 (9th Cir. 1973). <u>See</u> also <u>United States v. Webb</u>, 655 F.2d 977, 980 (9th Cir. 1981). Delay alone, no matter how lengthy, is an insufficient ground for denial of leave to amend. <u>Howey</u>, 481 F.2d at 1191. A motion to amend a pleading is addressed to the sound discretion of the court and must be decided upon the facts and circumstances of each particular case. <u>Sackett v. Beaman</u>, 399 F.2d 884, 889 (9th Cir. 1968).

Most of petitioner's proposed amendments to his petition add supporting factual allegations with respect to his first (juror misconduct) and second (ineffective assistance of appellate counsel) claims for habeas relief. Petitioner does not propose to add any new claims in his amended petition, but has merely attempted to better explain and support his existing claims

with additional factual allegations.  Specifically, in the proposed amended petition he explains in more detail that at his trial in state court Juror #7, the foreperson, did not reveal during voir dire that he was a victim of child molestation; that Jurors #5, #7, and #8 performed improper experiments during the jury view of the crime scene; that the trial judge conducted a hearing on petitioner's motion for a new trial after Juror #4 submitted a declaration attesting to various events during the trial; that Juror #4 testified that she and two other jurors were approached during trial by a witness in the case who assured the jurors that his trial testimony was truthful; and that the same juror testified that she knew a family member of the victim who was in the courtroom at the time. (First Amend. Pet. at 7-17.)  Petitioner attaches to his proposed amended petition Juror #7's juror questionnaire as well as a letter from the prosecutor describing Juror #7's tardy admission that he had been a victim of child molestation.  (Id., Appendix A.)

As stated above, petitioner has not attempted to add new claims for habeas relief in his amended petition, but merely seeks to elaborate on his existing claims.  There is no evidence that petitioner seeks to file the proposed amendment in bad faith.  Although petitioner did delay in filing the proposed amended petition, he offers the reasonable explanation that he was unable to obtain the necessary assistance to draft the amended petition that he has now presented to the court.  Moreover, respondent does not argue that he will be prejudiced by the delay in petitioner's filing of an amended petition.  The proposed amendment does not appear to be futile, and petitioner has not previously amended his federal habeas petition.  Balancing all of these relevant considerations, the court finds it appropriate to grant petitioner's motion for leave to file the first amended petition.

II.     Late-filed Traverse

Petitioner also seeks leave to file his late traverse.  Again, he explains that only recently was he able to find a jailhouse lawyer to help him prepare his traverse.

Respondent's answer argued, *inter alia*, that:  (1) two of petitioner's claims were unexhausted; (2) the California Court of Appeal's denial of relief with respect to petitioner's

claim of juror misconduct was not contrary to or an unreasonable application of clearly established federal law; and (3) the California Court of Appeal's denial of relief with respect to petitioner's claim of ineffective assistance of appellate counsel was not contrary to or an unreasonable application of clearly established federal law. (Answer at 11-22.) Petitioner's late-filed traverse attempts to rebut these arguments by contending that: (1) the two challenged claims are indeed exhausted; (2) the California Court of Appeal's denial of habeas relief with respect to his juror misconduct claim was based on an unreasonable determination of the facts; and (3) because the California Court of Appeal's denial of relief on petitioner's ineffective assistance of appellate counsel claim is ambiguous, it is not subject to review under the standard set forth in 28 U.S.C. § 2254(d). (Traverse at 4-18.)

Respondent contends that the arguments set forth by petitioner in his late-filed traverse "could and should have been raised for the first time in the Petition," and that therefore the court should not consider those arguments. (Opp'n at 2.) In the alternative, respondent has requested leave to file a surreply to respond to the arguments advanced in petitioner's tardy traverse. Respondent has not requested leave to file an amended answer.

The court finds that the arguments presented in petitioner's belatedly-filed traverse appear merely to respond to defenses raised in respondent's answer, rather than asserting completely new or novel arguments. Thus, the arguments advanced in petitioner's traverse do not appear to be improper. Accordingly, the court will consider petitioner's traverse. However, in order to guard against any potential prejudice to respondent, and because such additional briefing may assist the court in the resolution of this habeas action, respondent will be granted the opportunity to file a surreply brief as requested. Alternatively, since the court is granting petitioner's motion for leave to file his amended petition, respondent may elect to file an amended answer responding to all of petitioner's arguments in support of his request for habeas relief.

/////

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's June 6, 2009 motion for leave to file a first amended petition and a late reply (Doc. No. 19 ) is granted. The first amended petition for writ of habeas corpus filed by petition on June 5, 2009, is now deemed the operative pleading in this habeas action.

2. Respondent is granted leave to file, at his election, either an amended answer or a surreply brief, within forty-five days of the date of this order. Upon that filing this habeas action will stand submitted for decision.

DATED: March 18, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDad1/rh
king1524.mta